**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7477**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JIHAD IBN BARNES, a/k/a Albert Henry Barnes,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Anthony John Trenga, Senior District Judge.  (1:13-cr-00311-AJT-1; 1:15-cv-00187-AJT)

Submitted: July 22, 2021                                    Decided:  August 12, 2021

Before GREGORY, Chief Judge, and AGEE and HARRIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Jihad Ibn Barnes, Appellant Pro Se. Joseph Attias, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2013, Jihad Ibn Barnes pled guilty, pursuant to a plea agreement, to possession of a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Barnes to 216 months' imprisonment. This court subsequently denied a certificate of appealability and dismissed Barnes' appeal of the denial of his first motion to vacate under 28 U.S.C. § 2255. *United States v. Barnes*, 668 F. App'x 502 (4th Cir. 2016) (No. 15-8015).

In 2016, this court granted Barnes authorization to file a successive § 2255 motion based on *Johnson v. United States*, 576 U.S. 591, 597, 606 (2015), in which the Supreme Court declared the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), unconstitutionally vague. In his authorized, successive § 2255 motion, Barnes argued that, after *Johnson*, his prior District of Columbia convictions for assault with a dangerous weapon and robbery no longer qualified as predicates for armed career criminal status. The district court found that the crime of assault with a dangerous weapon remained a violent felony under the ACCA. That gave Barnes enough qualifying felonies for armed career criminal status, and the district court thus denied the motion to vacate without considering whether Barnes's robbery conviction also remained an ACCA predicate.

Barnes now seeks to appeal the district court's order denying relief on his authorized, successive 28 U.S.C. § 2255 motion.* The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017).

Barnes challenges the district court's denial of his authorized § 2255 motion, maintaining that assault with a dangerous weapon is no longer a violent felony after *Johnson*. We agree. After the district court entered its decision, the Supreme Court held that "a criminal offense . . . [that] requires only a mens rea of recklessness" cannot qualify as a violent felony under the ACCA's force clause. *Borden v. United States*, 141 S. Ct. 1817, 1821 (2021) (plurality opinion). It is well established that convictions for assault with a dangerous weapon in the District of Columbia have been "sustained . . . based on reckless conduct." *Vines v. United States*, 70 A.3d 1170, 1180 (D.C. 2013). Therefore, after *Borden*, this offense does not categorically qualify as a violent felony under the

---

* To the extent Barnes also seeks to appeal the district court's order denying his claim based on *Rehaif v. United States*, 139 S. Ct. 2191 (2019), as an unauthorized, successive § 2255 motion, he has forfeited appellate review by failing to challenge in his informal brief the basis for the district court's disposition. *See* 4th Cir. R. 34(b).

3

ACCA. Accordingly, we grant a certificate of appealability, vacate the district court's order denying Barnes's authorized § 2255 motion, and remand for further proceedings.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*